## Greenwald v. Metcalf, Graham & Co.

Promisory note: COLLATERAL SECURITY: CONVERSION OF. Where the holder of a promissory note received as collateral security therefor from the maker a bank certificate of deposit, which, without the consent of the maker he surrendered to the parties giving it, and received from them, instead, their promissory note and mortgage, it was *held*, in an action on the original note, that the action of the holder in surrendering, without the consent of the maker, the certif-

icate of deposit given by the latter as collateral, and the taking instead thereof the note of the makers of such certificate, amounted to a conversion of the collateral by the holder, and that he should be held liable to account to the maker for the full nominal amount thereof, although it was shown that the bankers executing the certificate of deposit had suspended payment at the time of the receipt thereof as collateral, and though the mortgage given by them to secure the note executed by them, when they received back the certificate, proved insufficient.

*Appeal from Dubuque District Court.*

FRIDAY, DECEMBER 31.

COLLATERAL SECURITY : CONVERSION OF COLLATERAL. — This is an action by the payees against the makers of the promissory note for $884.88 described in the agreed statement of facts below set forth. The defendant pleads that the note is paid and satisfied, setting forth the facts as hereafter stated. The cause was submitted to the district court on the following agreed statement :

" It is hereby agreed that the following may be read in evidence on the trial of the above entitled cause, which, with the facts herein admitted, shall constitute all the evidence in said cause :

" It is admitted that defendants purchased of plaintiffs certain mill machinery, for which they executed to plaintiffs their promissory note, dated April 1st, 1858, for $884.88, payable in three months at the banking house of J. L. Langworthy & Bros. in the city of Dubuque, with six per cent interest from date, which is the note in question.

" That payment of said note was duly demanded at maturity, and the same was duly protested for non-payment.

" That thereupon said note was left with said J. L. Langworthy & Bros. for collection, who, on or about the 4th of August, 1858, received of defendants, as collateral

security for the payment thereof, a certificate of deposit, executed by W. J. Barney & Co., bankers, who had been doing business as bankers in the city of Dubuque, for the sum of $600.

" That at the time said certificate of deposit was so received by J. L. Langworthy & Bros. the said W. J. Barney & Co. had suspended, and were then and still are insolvent.

" That on or about the 4th of February, 1859, defendants paid said Langworthys on said note $258, which they duly indorsed thereon ; and on or about the 9th of March, 1859, they, at defendants' instance, indorsed said certificate on said note, then amounting to $692.50, to be applied upon said note when said certificate should be paid.

" That the defendants verbally agreed that their said note should draw interest at ten per cent after maturity. Said note and protest are hereto attached, marked exhibit A.

" That on or about the 12th of March, 1859, said Langworthys took from said W. J. Barney & Co. their note (of which a copy is hereto attached, marked B) of hat date, for $748.63, payable to the order of plaintiffs on the 1st of January, 1860, without interest, to secure which W. J. Barney and wife mortgaged 120 acres of land, which was foreclosed, and (Sept. 24, 1862) sold at public sale for $480—costs $22.45. That no other sums have ever been received by plaintiffs on account of said defendants' note, but the same is wholly unpaid, except as above stated. That, on taking said note of W. J. Barney & Co., said Langworthys delivered to them said certificate of deposit.

" It is admitted that the letters hereto attached, marked C, D, and E, were written by plaintiffs' attorney, John Doud, Jr., and said J. L. Langworthy, respectively, as

appears therefrom, but they are objected to as incompetent and immaterial.

"It is further admitted that Mr. John Doud, Jr., at the time of writing said letter, had never seen the said note sued on, and that neither he nor said I. & E. Greenwald, plaintiffs, then knew on what condition or in what manner said J. L. Langworthy & Bros. received said certificate of deposit.

"EXHIBIT A.

"$884.88.

"Three months after date, we, or either of us, promise to pay I. & E. Greenwald, or order, at the banking-house of Langworthy & Bros., Dubuque, Iowa, the sum of eight hundred and eighty-four dollars and eighty-four cents, for value received, with interest at six per cent from date.

"METCALF, GRAHAM & CO.

"ANAMOSA, *April* 1, 1858.          Due July 4th.

"On the back of the note are the following:

"Received on the within note, Dubuque, February 4th, 1859, two hundred and fifty-eight dollars ($258).

"J. L. LANGWORTHY & BROS.

"Per MASSEY.

"Received W. J. Barney & Co.'s certificate of deposit for $600, amounting, March 9th, 1859, to $692.50, which, when paid, is to be applied upon the within note.

"J. L. LANGWORTHY & BROS.

"Per MASSEY.

"For I. & E. GREENWALD.

"EXHIBIT B.

"$748.63.

"DUBUQUE, *March* 12, 1859.

"On the 1st day of January, 1860, after date, we promise

to pay to the order of I. & E. Greenwald seven hundred and forty-eight dollars and sixty-three cents, at our office, No. 125 Main street, value received.

"W. J. BARNEY & CO.

"EXHIBIT C.

"J. L. HUDSON, *Esq.*, *Anamosa, Iowa :*

"DEAR SIR,—Your letter of the 8th inst. is received and noticed. We have written to Mr. Doud, of Dubuque, in relation to your note, with whom you will please to correspond in reference to it.

"Yours, respectfully,

"I. & E. GREENWALD.

"*Oct.* 13, 1864.

"EXHIBIT D.

"DUBUQUE, IOWA, *November* 11, 1864.

"J. L. HUDSON, *Esq.*, *Anamosa, Jones County, Iowa :*

"DEAR SIR,—Yours post-marked 8th inst. is received in relation to said note. Messrs. Greenwald write me that they find from their books that Metcalf, Graham & Co. made the note dated April 1, 1858, for $884.48, payable in three months: It was taken by J. L. Langworthy & Bros., and Greenwalds don't know where it is now. They are very honorable, straightforward, first-class men, and would give you no trouble. I think the note must have been given to W. J. Barney & Co., when their note of $743.63, dated March 1st, 1859, was executed· to I. & E. Greenwald, payable January 1, 1860, which note I got judgment on for them and foreclosed the mortgage, securing it in Delaware county. I understand from you that Metcalf, Graham & Co. had deposited money at W. J. Barney & Co.'s bank to meet Greenwald's note made by the Co., and took a bank certificate, which they indorsed over to the Langworthys; that certificate and

the note were probably given to the bank when they made their note to Messrs. Greenwald. Perhaps if you will write to Caleb H. Booth, one of the firm of W. J. Barney & Co., he can find the note. If you have the amount, it may not be important to get the note.

　　　　　　　　　　" Yours, respectfully,
　　　　　　　　　　　　　" JOHN DOUD, Jr.

　　　　　　　" EXHIBIT E.

　　　　　　" DUBUQUE, *February* 14, 1865.
" JAMES L. HUDSON, *Esq.:*

　" DEAR SIR,—Yours of the 13th is received, and we have examined all our books and letters, and find the note you inquire for was in our hands for collection ; and we collected $258, and sent to I. & E. Greenwald, and took a note of W. J. Barney & Co. for the balance and interest, $748.63, which, by their instructions, we put in the hands of Wilson, Utley & Doud for collection. The note of Metcalf, Graham & Co. we returned to I. & E. Greenwald, as per their instructions. We believe this is all we know about the matter, and hope it will be satisfactory.

　　　　　　　" Yours, truly,
　　　　　　　　" J. L. LANGWORTHY & BROS."

This was all the evidence.

The plaintiff claimed, on the trial, to recover the full amount of the note and interest, less the $258 paid February 4, 1859, and the $480, proceeds of the sale of the mortgaged property.

The right to recover the balance of the note was the question which was submitted to the judgment of the District Court. It decided in favor of the defendants, and the plaintiffs appeal.

*D. S. Wilson* and *John Doud* for the appellants.

*Shiras, Van Duzee & Henderson* for the appellees.

DILLON, Ch. J. — On the facts appearing in the statement of the cause, the court, in our judgment, properly decided the question submitted to it in favor of the defendants.

As collateral security for the note in suit the plaintiffs received the certificate of deposit of Barney & Co. Receiving this from the defendants, the plaintiffs would have the right to collect the same by suit, if necessary, and apply the proceeds on their debt. They held it in trust for this purpose. Without authority from the defendants they would have no legal right to surrender the collateral to the makers of it, or exchange it for the promissory note of the makers, *giving them time for payment.* But this they did. It is said, indeed, by the plaintiffs in argument, that the Langworthys had no authority, being mere bankers, and holding the paper for collection, to make the arrangement to surrender the certificate of deposit and take in its place the promissory note of Barney & Co.

This point, however, it is not in the power of the plaintiffs to make, since, by accepting the note, suing upon it, and buying in the land, they have ratified the act of the Langworthys. It is the same as if the plaintiffs had themselves done that which the Langworthys did for them.

The surrender of the certificate and the taking of the promissory note were the acts of the plaintiffs, and on this record, these acts were done without the authority, prior or subsequent, of the defendants.

But it is next insisted, that the plaintiffs' act in so doing ought not to relieve the defendants from paying the balance of the note in suit, because Barney & Co., were insolvent, and, hence, the defendants were not prejudiced by the act of giving up the certificate and the taking of the note. Whatever might be the law if the fact were

established that the defendants were not prejudiced, it is our opinion that this want of prejudice does not appear.

The certificate was due, and although it is stated that Barney & Co. were insolvent, yet it also appears that they possessed property which was afterward mortgaged to secure the note.

The security taken for the note seems to have proved insufficient, but it does not appear that this was all the property the debtors had; nor does it appear that the taking of the note and the giving of time did not in fact injure the defendants. From the facts agreed upon, the plaintiffs must be held to have converted the collateral, and there is no case made which will relieve them from accounting to the defendants for the full nominal amount thereof.

Affirmed.