JULIA H. MILLS V. JAMES VAN CAMP.

*Conversion—Conclusions of fact.*

A mere sale of another's hay in the mow under a tax-warrant does not amount to a conversion where the owner did not acquiesce and his possession was not disturbed; a sale of a growing crop might be different.

Conclusions from findings of fact must be drawn by the trial court and not left to the appellate tribunal.

Error to St. Clair.   Submitted Oct. 9.   Decided Oct. 14.

TROVER.   Plaintiff brings error.

. *Brown & Farrand* for plaintiff in error.   Conversion is the unlawful application of another's personal goods to the use of the taker or of some one besides the owner, *Riley v. Martin*, 35 Ga., 136; *Glaze v. McMillion*, 7 Port. (Ala.) 279; *St. John v. O'Connel*, id., 476; *Fuller v. Tabor*, 39 Me., 519; *Liptrot v. Holmes*, 1 Ga., 381; *Maxwell v. Harrison*, 8 Ga., 61; *Gilman v. Hill*, 36 N. H., 311; *West Jersey R. R. Co. v. Trenton &c. Co.*, 32 N. J. Law, 517; *Bristol v. Burt*, 7 Johns., 254; *Murray v. Burling*, 10 id., 172; *Reynolds v. Shuler*, 5 Cow., 323; *Chambers v. Lewis*, 28 N. Y., 454; *Boyce v. Brockway*, 31 N. Y., 490; *Hutchinson v. Bobo*, 1 Bailey (S. C.), 546; *Reid v. Colcock*, 1 Nott & M. (S. C.), 592; *Webber v. Davis*, 44 Me., 147; *Dickey v. Franklin Bank*, 32 Me., 572; *Kimball v. Billings*, 55 Me., 147; *Thompson v. Currier*, 24 N. H., 237; *Connah v. Hale*, 23 Wend., 462; *Hare v. Pearson*, 4 Ired. (N. C.) Law, 76; *Crocket v. Beaty*, 8 Humph. (Tenn.), 20; *Walcott v. Keith*, 22 N. H., 196; *Abercrombie v. Bradford*, 16 Ala., 560; *Nutter v. Ricketts*, 6 Iowa, 92; *Fiquet v. Allison*, 12 Mich., 332; *Cook v. Hopper*, 23 Mich., 512; *Worthington v. Hanna*, id., 534; *Cobb v. Dows*, 9 Barb. (N. Y.), 242; *Perkins v. Smith*, 1 Wils., 328; *Everett v. Coffin*, 6 Wend., 603; *Williams v. Merle*, 11 id., 80; *Saltus v. Everett*, 20 id.,

267; *Hoffman v. Carow*, 22 id., 285; *Allen v. Crary*, 10 id., 349; *Covill v. Hill*, 4 Den., 323; *Schroeppel v. Corning*, 5 id., 240; *Gibbs v. Chase*, 10 Mass., 128; *Miller v. Baker*, 1 Met., 31; *Bowlin v. Nye*, 10 Cush., 418; *Mead v. Thompson*, 78 Ill., 62; *Pease v. Smith*, 61 N. Y., 477; *Burk v. Baxter*, 3 Mo., 149; *Brady v. Whitney*, 24 Mich., 154; *Final v. Backus*, 18 id., 218; *Kenyon v. Woodruff*, 33 id., 310.

*William T. Mitchell* for defendant in error. A sheriff who wrongfully sells another's goods is not guilty of conversion if he does not part with possession or cause them to be used and damaged by the purchaser, 1 Add. on Torts, § 467; *Lancashire Wagon Co. v. Fitzhugh*, 6 H. & N., 502; *McConeghy v. McCaw*, 31 Ala., 447.; conversion consists in appropriating another's property to one's own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it in defiance of the owner's right, or in withholding it under claim of title, 2 Greenl. Ev., § 642; *Salt Springs Nat. Bank v. Wheeler*, 48 N. Y., 492.

COOLEY, J. The plaintiff is the wife of Wildman Mills, and sues defendant in trover for seizing and selling on a tax warrant a quantity of hay which she claims as her own, to satisfy a tax assessed against her husband. The case was tried by the circuit judge without a jury, and is now before us on his finding of facts. The finding shows that the hay was raised on plaintiff's land and stored in her barn, where defendant, who was tax collector, levied upon it. He did not, however, take manual possession of the hay or any part thereof, but advertised and sold it in the mow, and left it there. The plaintiff's possession was therefore in no manner disturbed by defendant's action, and the circuit judge finds that she afterwards sold three tons of the hay to a third person.

On these facts the circuit judge was correct in holding that there was no conversion. Defendant never for

a moment had practical dominion over the hay, and never for a moment excluded the dominion of the plaintiff. What he did was, to assert a right to sell, and to make what, on plaintiff's view of the facts was a wholly ineffectual sale; but neither he nor the purchaser undertook to make the sale effectual. It was left to rest in words alone, and words alone cannot amount to a conversion. Had plaintiff acquiesced in the sale, or had the sale been of a growing crop of which the officer had taken all the possession the circumstances admitted, it might have been different.

There is another fatal defect in the plaintiff's case: the circuit judge does not find that she owned the hay. He finds facts from which that conclusion might be drawn, but it is by no means a necessary conclusion, and if it were, it does not belong to us to draw it.

The judgment must be affirmed with costs.

The other Justices concurred.