PARKER MERRILL v. JAMES F. NEWTON.

[See *ante*, 225.]

*Findings of fact—Amendments—Plat—Sale of lots—Deficiency in quantity of land—Pleading.*

1. In the absence of proposed amendments to the findings, as required by Circuit Court Rule No. 88, which provides that " if either party considers the finding not sufficiently full or .

definite on facts or law, or both, he shall, within 10 days after judgment (or such other time as may be granted by the court), propose such amendments to the finding as he may see fit," it will be assumed that the evidence warranted the findings.

2. This case is not distinguishable from, and is ruled by, *Capen v. Stevens*, 29 Mich. 496, which was an action to recover upon an implied covenant that lots were of the length appearing upon a plat, and that an abutting street was of the width represented by the plat, and the findings of fact failed to show whether there was a deficiency in the width of the street or in the length of the lots; and it was held that neither of the two counts of the declaration, which counted upon a deficiency in the street and in the lots respectively, was sustained.

Error to Gratiot.    (Daboll, J.)    Argued November 22, 1893.    Denied March 6, 1894.

Case.  Plaintiff brings error.    Affirmed.    The facts are stated in the opinion.

*S. J. Scott*, for appellant.

*Newell Leonard*, for defendant.

MONTGOMERY, J.    The defendant platted an addition to the village of St. Louis, upon which appeared blocks 66 and 67, and each appeared to have an extent north and south of 471.24 feet in length. The lots were conveyed by defendant to the plaintiff by warranty deed, and were described as blocks 66 and 67 simply. The deed contained no express warranty as to quantity. The case comes before us on special findings by the circuit judge. There is no finding that any fraud was practiced or intended by defendant. It is found, in effect, that there is not a street of the width appearing upon the plat south of the blocks in question; that such a street was designated by the plat; that the village authorities have never accepted the dedication; that the defendant has never withdrawn his plat or dedication, and still wishes and desires that the same may be opened and used by the public; that the land lying

south of the street running east and west by the south side of said blocks is owned by the defendant, and he is willing that a sufficient amount of land may be taken to make the road of the width that is represented by the map; that the plaintiff, by virtue of his deed, actually acquired title to as much land as is described in said deed, and a small amount in excess thereof; but that he brings this action, and claims that the deed to him of the two blocks, according to the recorded plat, carries the title to the street on the south of the blocks, and that, as a survey shows that there is not a street four rods in width between the south side of the blocks and the line of the corporation, as is represented in the plat, he has been damaged, and has not acquired as much land as he purchased; and that this action is brought for the deficiency thus claimed. The declaration describes the land as two blocks; sets out that it should contain the land within the lines, 471.24 feet in length, north and south; alleges that the blocks do not contain that amount of land; and claims damage for the difference.

It will be seen that the declaration does not present the question of whether the plaintiff is entitled to damages on the ground that there is not a street of the width designated in the plat, but it is assumed by the plaintiff that the street is of that width, and that consequently the two lots are shortened so as to extend but 416.49 feet north and south.

The exceptions to the findings were as follows:

"The purported findings are incomplete, and do not sufficiently show all of the facts proved, material to the issue and the rights of the parties, on the trial of said cause; that the purported findings are incomplete and insufficient, because they do not show conclusions of fact, but only certain partial and misleading portions of evidence, and immaterial claims and contentions of the parties. Wherefore plaintiff excepts to the findings of fact, conclusions of law, and the judgment in said cause."

No amendments were proposed to the findings, as required by Circuit Court Rule No. 88, and it must therefore be assumed that the evidence warranted the findings. *Moore v. Vrooman*, 32 Mich. 526; *Sawyer v. Van Housen*, 39 Id. 89. It follows that the case which plaintiff made, if any, is not within his declaration, as the court finds that he acquired by his deed all the land embraced in the description, and the declaration is framed upon the theory that he did not. The case is ruled by *Capen v. Stevens*, 29 Mich. 496, which was an action to recover upon an implied covenant that lots were of the length appearing upon a plat, and that an abutting street was of the width represented by the plat. The findings failed to show whether there was a deficiency in the width of the street or in the length of the lots, and it was held that neither of the two counts of the declaration, one of which counted upon a deficiency in the street, and the other upon a deficiency in the lots, was sustained. The case is not distinguishable from the present.

Whether a covenant of warranty as to quantity is to be implied from the description contained in the deed it is unnecessary to determine, as the deficiency counted upon does not appear in the findings of fact, but, on the contrary, the plaintiff's contention upon that ground is negatived.

The judgment will be affirmed, with costs.

The other Justices concurred.