## FIRST NATIONAL BANK OF PAW PAW v. WALKER.

1. APPEAL—FINDINGS OF FACT—CONCLUSIVENESS.

    A finding of fact by the court will not be disturbed on appeal, except where there is a total want of evidence to support it, or it is contrary to the undisputed evidence.

2. SAME—REQUEST FOR AMENDED FINDINGS.

    An objection to the court's failure to find certain facts cannot be urged on appeal where no amendments to the findings were proposed.

3. BILLS AND NOTES—ACCOMMODATION GUARANTORS—RELEASE.

    Accommodation guarantors of a note payable to a bank, who sign the note with the understanding that other notes of an equal or greater amount shall be deposited with the bank as collateral security, and that, when paid, the proceeds shall be applied on the note guaranteed by them, are released from liability where the bank, without their consent, accepts in place of the notes originally deposited as collateral new notes executed by only one of two makers, and extends the time of payment of the same.

Error to Van Buren; Yaple, J., presiding. Submitted November 6, 1897. Decided December 21, 1897.

*Assumpsit* by the First National Bank of Paw Paw against Peter Walker and others upon a promissory note. From a judgment in favor of part of the defendants, plaintiff brings error. Affirmed.

*T. J. Cavanaugh*, for appellant.

*E. A. & Robert B. Crane*, for appellee Walker.

LONG, C. J. On November 21, 1896, judgment was entered in the Van Buren circuit on findings of fact and law by the court, as follows:

"(1) The plaintiff is, and during the period covered by the transactions in this case has been, a corporation duly

and legally existing under the laws of the United States.

"(2) On and previous to the month of June, 1891, the Cleveland Bay Horse Company was a corporation existing under the laws of the State of Michigan.

"(3) On or about June 27, 1891, the Cleveland Bay Horse Company borrowed of the plaintiff the sum of $4,000, and gave its note therefor. George E. Breck, G. E. Gilman, J. T. Bangs, E. W. Bartram, Harry S. Richards, and Peter Walker signed the note as accommodation guarantors. They so signed under an understanding with said company that there should be deposited with the bank, as collateral security to the note, certain other notes of an equal or larger amount, and would not have otherwise signed as such guarantors; and as a part of the transaction there was delivered to the bank, as collateral security to said note, the said certain other notes given to the Cleveland Bay Horse Company, and owned by it, amounting in all to $4,200.

"(4) The plaintiff collected, from time to time, parts of the said collateral notes, and gave the Cleveland Bay Horse Company credit therefor, and from time to time renewed the note of the Cleveland Bay Horse Company, each time obtaining the indorsement of the defendants F. J. McEntee, G. E. Gilman, and Peter Walker, with some other of the original indorsers, the renewal notes each time being for the balance due on the original loan from the Cleveland Bay Horse Company to the plaintiff.

"(5) Two of said collateral notes, each for the sum of $500, were given by parties by the names of Lange and Porter. The plaintiff, without the knowledge or consent of the defendants Peter Walker and Amanda Bartram, surrendered those notes, and took in their place and stead two other notes of equal amount, due at a later date, signed by R. H. Lange alone, payable to the order of the plaintiff instead of to the Cleveland Bay Horse Company.

"(6) In the month of May or June, 1894, plaintiff delivered to George E. Breck for collection the collateral notes, and the notes taken in renewal thereof, so held by it to secure the amount due from the Cleveland Bay Horse Company. At that time said George E. Breck was one of the guarantors on the note of the Cleveland Bay Horse Company jointly with the defendants Peter Walker, G. E. Gilman, F. J. McEntee, and others. The intrusting of these collaterals to George E. Breck for collection was with the knowledge, authority, consent, and acquiescence of the defendants G. E. Gilman and F. J. McEntee, but

without the knowledge, authority,' consent, and acquiescence of the defendants Peter Walker and Amanda Bartram.

"(7) Said George E. Breck collected two of said collateral notes, being the renewal notes given by R. H. Lange in place of the notes of Lange and Porter, and amounting to the sum of $1,000, which he misappropriated, and returned to the plaintiff in the place and stead thereof other renewal notes purporting to be signed by R. H. Lange, but which were forgeries; all of which was without the authority, knowledge, consent, or acquiescence of defendants Peter Walker and Amanda Bartram.

"(8) There was no agreement made by which George E. Breck was to in any manner be intrusted with the collection or custody of any of the collateral notes.

"(9) There was no agreement made permitting the bank to change or renew any of the collateral notes.

"(10) E. W. Bartram, one of the original indorsers, died previous to the giving of the note in question.

"(11) In the month of January, 1895, the plaintiff claimed to defendants that there was still due to it from the Cleveland Bay Horse Company the sum of $2,500, as part of the original consideration for the loan made to it, and under that date it obtained from the defendants herein, as part of the transaction, the note in suit, and at the time it received the note in suit it was aware that Mr. Breck had collected $1,000 on the collateral notes, which had not been credited to the Cleveland Bay Horse Company or the defendants.

"(12) At the time the plaintiff obtained from the defendants their signatures to the note in suit, the defendants Peter Walker and Amanda Bartram were not aware that the plaintiff had changed the collateral notes, extending the time and releasing Mr. Porter therefrom, nor were they aware that the plaintiff had intrusted the custody and collection of the collateral notes to George E. Breck, or that he had collected any part of said collateral notes.

"(13) The plaintiff has never given credit to the Cleveland Bay Horse Company, or to the defendants herein, for the $1,000 collected by George E. Breck and by him misappropriated.

"(14) After the making of the note in suit, and on the 3d day of November, 1895, plaintiff collected on said collateral notes the sum of $199.60, leaving still due to the plaintiff, without charging it for the money so collected

and misappropriated by George E. Breck, the sum of $2,419.14, with interest thereon from November 3, 1895.

"(15) On the 6th day of July, 1895, and previous to the commencement of this action, the defendant Peter Walker tendered to the plaintiff the total sum, being the balance due from the Cleveland Bay Horse Company to the plaintiff after deducting the amount of $1,000 so collected by George E. Breck on the collateral notes so intrusted to him, and the amounts collected by the plaintiff on the collateral notes, which said amount said Peter Walker has paid into court for plaintiff.

"(16) The defendant Amanda Bartram did not sign as guarantor when the money was first borrowed by the Cleveland Bay Horse Company, and received no consideration for signing the note in suit. The plaintiff, at the time it received the note in suit, knew the relation of the defendants to be that of sureties.

"(17) From foregoing facts I find as matter of law:

"1. That the plaintiff is liable to account to the defendants Peter Walker and Amanda Bartram in this action for the default of George E. Breck.

"2. That the money so tendered and paid into court by Peter Walker is relinquished to the plaintiff, and such tender and payment inures to the benefit of all the defendants herein.

"3. That plaintiff is entitled to recover against the defendants F. J. McEntee and G. E. Gilman the sum of $1,183.74, with interest from July 6, 1895, amounting in all, principal and interest, at this date, to the sum of $1,313.64, and costs to be taxed.

"4. That judgment for no cause of action should be entered in favor of defendants Peter Walker and Amanda Bartram, respectively.

"Judgment is ordered to be entered accordingly."

Plaintiff's counsel filed exceptions to these findings in the following form:

"*First.* The plaintiff excepts to the court's third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, and fourteenth findings of fact.

"*Second.* The plaintiff excepts to the court's refusal to find that Peter Walker, one of said defendants, had knowledge of the fact that Breck was purporting to act for the guarantors on said note in depositing the collateral

security, and in giving directions in regard to the collection thereof, and collecting the same.

"*Third.* The plaintiff excepts to the court's refusal to find that Peter Walker was a member of the Cleveland Bay Horse Company; that, at a meeting of the stockholders of said company, Breck was properly directed to effect loans for the Cleveland Bay Horse Company, collect on the collateral left with certain notes as collateral security, of which the one in suit is the last of a series.

"*Fourth.* The plaintiff excepts to the court's refusal to find that Peter Walker, as a member of the Cleveland Bay Horse Company and stockholder thereof, was bound to take notice of all its doings and proceedings.

"*Fifth.* The plaintiff excepts to the court's first conclusion of law.

"*Sixth.* The plaintiff excepts to the court's finding as a matter of law that judgment should be entered for the defendants Peter Walker and Amanda Bartram.

" *Seventh.* The plaintiff excepts to the failure of the court to find as matter of law that the plaintiff was entitled to judgment for the full amount of claim against all of said defendants.

" *Eighth.* The plaintiff excepts to the failure of the court to find as a matter of law that the plaintiff was entitled to a judgment against the defendant Peter Walker.

" *Ninth.* The plaintiff excepts to the failure of the court to find as matter of law that the signing of the notes, of which the one in suit was the last of a series, upon presentation by the defendants, and their permitting George E. Breck to take charge of the same,—take them into his possession to be delivered,—constituted Breck agent of the defendants, and they are bound by and responsible for his acts.

" *Tenth.* The plaintiff excepts to the failure of the court to find as a matter of law that the signing of the notes by Peter Walker, of which the one in suit is the last of a series, and their delivery to George E. Breck, constituted Breck the agent of Peter Walker, and that the defendant Walker is responsible for his acts, and plaintiff was entitled to judgment for the full amount claimed to be due against the defendant Walker."

A bill of exceptions was settled and returned with the record, which contains all the evidence in the cause; but the court below certifies that "no amendments to the

findings of the court, or further findings, were suggested or requested."

Plaintiff's counsel, in his exceptions filed to the findings of fact, does not state the grounds upon which these exceptions are taken; but we shall presume the claim to be that they are not supported by the evidence, as claimed in his brief. We have examined the record with care, and find that there is testimony tending to support every finding of fact made by the court below. It is only where there is a total want of evidence, or where the finding is contrary to the undisputed evidence, that the facts found by the trial court will be overturned. *Cragin* v. *Gardner*, 64 Mich. 399 · *Bateman* v. *Blaisdell*, 83 Mich. 358.

As to the second, third, and fourth exceptions taken by plaintiff's counsel, in which it is claimed that the court erred in not finding certain matters of fact, it may be said that no such findings were asked. If counsel was not satisfied with the findings made, he should have proposed amendments, under Rule 88 of the old rules. *Merrill* v. *Newton*, 99 Mich. 229.

The only remaining questions are whether the court was in error in the findings of law. It is contended by counsel for plaintiff that there was no legal duty imposed upon the bank to do more than deliver the collateral notes to a reputable collector, agent, or attorney for collection, and that the bank did this in placing the collateral notes in the hands of Mr. Breck for collection, and therefore it could not be held liable for any neglect or misconduct of Mr. Breck. But the court found as a fact that Breck collected two of the collateral notes, amounting to $1,000; that these were signed by R. H. Lange alone, the time extended, and the name of Mr. Porter dropped from them, without the knowledge or assent of the defendants Walker and Bartram. In other words, the original collateral notes were signed by Porter and Lange. Mr. Breck, acting for the bank, as the court substantially found, took these two collateral notes, surrendered them

to Porter and Lange, and received payment thereon, and returned into the bank two notes purporting to be signed by Lange alone, and extending the time of payment. The defendants had no knowledge of this, and it turned out afterwards that the notes were forgeries. It also appears that one of these renewal collateral notes, purporting to be signed by Lange, was made payable to the bank. Under the original arrangement, these collateral notes were to be held by the bank, and, when paid, the proceeds applied upon the original note. The bank had no authority to change the form of these collaterals, take new notes in place of them, extend time of payment, and drop one or more of the makers. Under these circumstances, the court having found as a fact that Breck was acting as the agent of the bank, and there being some evidence of that fact by the circumstances stated, we cannot disturb the finding. *Saginaw, etc., R. Co.* v. *Chappell*, 56 Mich. 193. The court was therefore not in error in finding that the plaintiff was liable to account to the defendants Walker and Bartram for the default of Breck. The other findings of law need not, therefore, be discussed, as the results found by the court must follow.

The judgment of the court below must be affirmed, with costs.

The other Justices concurred.