CONGDON *v.* BAILEY.

1. TRIAL—FINDINGS OF FACT—APPEAL.
    Findings of fact in a case tried without a jury take the place
    of a verdict, and will not be disturbed on appeal if there is
    testimony tending to sustain them.

2. REPLEVIN—DEMAND ON AGENT.
    In replevin, proof of demand on defendant's agent, in whose
    possession the property was found, and who was acting at
    the time for defendant, is sufficient, without showing a de-
    mand on defendant, to whom the agent subsequently deliv-
    ered the property.

Error to Newaygo; Edwards, J.   Submitted October 3,
1899.   Decided October 17, 1899.

Replevin by William Congdon against John Bailey.
From a judgment for plaintiff, defendant brings error.
Affirmed.

*E. L. Gray*, for appellant.

*E. L. Brooks* (*W. D. Fuller*, of counsel), for appellee.

MOORE, J.   This is an action in replevin begun in jus-
tice's court.   From a judgment obtained by the plaintiff,
the defendant appealed the case to the circuit court, where
it was tried without a jury by the judge, who made the
following findings:

"1. That on September 9, 1897, the plaintiff was the
owner and in the possession of all the property described
in the writ and declaration in this case, which property
did not exceed in value the sum of $100.
"2. That on said day George W. Congdon, an infant
son of the plaintiff, then of the age of about 19 years,
without the knowledge or consent of the plaintiff, mort-
gaged all of said property to the defendant to secure the
payment to him of the sum of $100; being the price agreed

to be paid by said George W. Congdon for a mare that day purchased by him of the defendant, which animal was included in said mortgage.

"3. That shortly prior to January 15, 1898, the defendant sent said chattel mortgage to one Edgar Wright, who resided in the vicinity of plaintiff's farm, and instructed said Wright to deliver the same to an officer, to the end that he might take possession of said property for defendant; that, pursuant to said instructions, said Wright delivered the mortgage to Clark Kinney, who was at the time a constable, and directed him to take possession of said property; that on January 15, 1898, said Kinney went to plaintiff's farm and told plaintiff he wanted said property; that plaintiff told him that he could not have it, and that he wanted him to take it legally if he took it; that Kinney thereupon produced a paper, and at plaintiff's request read therefrom the description of said property, and claimed that he could not read all of the paper because it was written by a lawyer, but purposely gave plaintiff to understand, and plaintiff did understand, that said Kinney, as such constable, was demanding said property by virtue of legal process, when, as a matter of fact, all the paper he had was said chattel mortgage, of which fact plaintiff was wholly ignorant; that said Kinney led said horse out of the barn, and drove him or led him to the village of Hesperia, to which place plaintiff followed him, and, finding said horse in the possession of the said Wright, demanded his return from said Wright, and, on his refusal to surrender possession of said animal, plaintiff attempted to take possession, but was prevented from doing so by the said Kinney and said Wright; that, while plaintiff was thus absent from his farm, said Kinney returned and took away the road-cart and harness, and afterwards delivered all of said property to said defendant, from whom plaintiff replevied the same, as shown in the papers of this case.

"4. That plaintiff never in any way authorized or assented to the giving of said mortgage which was signed by the said George W. Congdon, or to the taking of said property thereon."

From a judgment rendered in the circuit court, the defendant has brought the case here by writ of error.

It is insisted by defendant that the finding of facts is contrary to the evidence in the case, and that there is no proof of sufficient demand, made before the suit was

brought, to entitle the plaintiff to bring replevin. He also claims the findings of fact do not support the judgment.

As to the first point: It has long been held that the finding of facts by a judge takes the place of a verdict by a jury, and that, if there is testimony upon which to base the finding, the court will not review the testimony. *Mills* v. *Van Camp*, 41 Mich. 645; *Berrien County Treasurer* v. *Bunbury*, 45 Mich. 79; *Edwards* v. *Nelson*, 51 Mich. 121; *Bateman* v. *Blaisdell*, 83 Mich. 357. In this case not only was there testimony tending to sustain the findings of fact, but we think there was a clear weight of testimony in favor of the findings.

As to the second point: The testimony discloses an unauthorized taking of the property, and it is exceedingly doubtful if, under the circumstances shown in this case, any demand was necessary before the bringing of suit; but, conceding a demand was necessary, the record clearly shows plaintiff made a demand upon Wright and Kinney, who were acting for Bailey, before the suit was commenced.

As to the third point: The judgment was the usual one in replevin. The findings of fact clearly indicate the plaintiff was entitled to a judgment, and the court did not err in entering one in his favor.

It would not profit any one to discuss the other assignments of error.

Judgment is affirmed.

The other Justices concurred.