BECKER v. HEADSTEN.

1. APPEAL AND ERROR—FINDINGS OF FACT—CONCLUSIVENESS.
  Where no amendments to the trial court's findings were proposed, as authorized by Cir. Ct. Rule 26 *b*, it will be assumed on error that the evidence warranted the findings made.

2. USURY—PENALTIES—FORFEITURE OF INTEREST—MISTAKE.
  Where neither the borrower nor the lender of money was able to figure the interest due on the notes, whereupon the parties went to L., and had him figure the interest, and on the basis of his conclusion a new note was erroneously given for more than was justly due on the notes, but the lender had no intention of taking usury, and as soon as he learned of the mistake indicated his willingness to correct the same, he was not subject to a forfeiture of all interest due on the debt for taking usury, as provided by 2 Comp. Laws, § 4857, but was entitled to the allowance of his claim against the debtor's estate to the extent of the amount due, with legal interest.

Error to Delta; Stone, J.  Submitted June 10, 1904. (Docket No. 78.)  Decided September 13, 1904.

Charles Becker presented a claim against the estate of Carrie A. Headsten, deceased, for the amount of a promissory note.  The claim was allowed in the probate court, and Anna R. Headsten, the administratrix, appealed to the circuit court.  There was judgment for claimant at the circuit, and defendant brings error.  Affirmed.

*James H. Clancy*, for appellant.

*George Gallup* (*A. H. Ryall*, of counsel), for appellee.

Moore, C. J.   Mr. Becker presented a claim in probate court.   It was allowed at the sum of $589.19.   The administratrix appealed to the circuit court.   The case was tried before the judge without a jury.   A judgment was rendered for claimant for $582.36.   The case is brought here by writ of error.

August 5, 1893, Carrie A. Headsten gave to claimant her note for $100, bearing 8 per cent. interest.   On July 24, 1890, she gave him one for $200, drawing 8 per cent. interest.   November 1, 1890, she gave him one for $100. In the early part of 1898 the maker of the notes and the payee, neither of whom could figure interest, went to Mr. Linden, and had him figure the interest.   January 30, 1901, Carrie A. Headsten, a daughter of the maker of the notes, taking Mr. Linden's figures as a basis, figured the amount from that date and found it to be $846.50.   For this amount a note was given to Mr. Becker by Mrs. Headsten, which note is the claim presented by Mr. Becker.   It is admitted the note was given for $136.70 too much, which defendant claims was usurious interest, and for that reason no interest should be allowed.   Section 4857, 2 Comp. Laws.   It is the contention of claimant that he had no intention of taking usurious interest, and that an unintentional mistake was made in the computation, and that as soon as he learned the mistake he indicated his willingness to correct it.   The circuit judge found:

" I further find that it was the intention of both of the parties thereto to make said new note for the amount of, and to take the place of, said original notes.   I find that neither the maker nor the payee could compute the interest on these notes, and that a mistake was made in the computation of the interest due upon said notes.   I find that through inadvertence and by mistake said new note was given for the sum of $846.50, whereas it should have been given for only the sum of $710.10.   I find that neither of the parties to said new note intended it to include usury or unlawful interest.   An inspection of said original notes shows that upon no theory of computation

could they have amounted to $846.50. * * * The claim will therefore stand allowed against said estate, and in favor of said claimant, as of October 2, 1902, at $582.36, and an order will be entered accordingly. My reasons for this conclusion are as follows: I think that this erroneous computation was the result of a mistake, and that it was therefore not intentional."

No amendments to these findings were proposed. See Cir. Ct. Rule No. 26 *b*. We must therefore assume the evidence warranted the findings. See *Merrill* v. *Newton*, 99 Mich. 226 (58 N. W. 69), and cases there cited; *Congdon* v. *Bailey*, 121 Mich. 570 (80 N. W. 369).

The findings of the circuit judge bring the case within *Green* v. *Grant*, 134 Mich. 462 (96 N. W. 583), and cases cited therein.

Judgment is affirmed.

CARPENTER, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, J., concurred in the result.