PEOPLE, *for use of* MOL, *v.* SOUTHERN SURETY CO.

1. APPEAL AND ERROR—AMENDMENTS—EXTENSION OF TIME.
    Amendments to findings of a trial court may be proposed within ten days after judgment and not afterwards, unless the time is .extended.

2. SAME—PRESUMPTIONS.
    Where findings of a trial court are not proposed within ten days after judgment as required, and the time is not extended, it will be presumed on error that the evidence warranted the findings.

3. MUNICIPAL CORPORATIONS—CONTRACTS—INTEREST OF MEMBERS OF COUNCIL—EVIDENCE—SUFFICIENCY.
    In an action by the people, for the use of a subcontractor, a member of a city council, against the surety on the bond of a. building contractor, evidence *held,* sufficient to show that prior to the making of the contract there had been no talk, agreement or contract between plaintiff and the principal contractor that the contractor would purchase any material from plaintiff for use in the contract with the city.

4. SAME—CONTRACTS—INTEREST OF MEMBERS OF COUNCIL—VALIDITY.
    A member of the common council of the city of Grand Rapids who enters into a contract for the supply of materials with a city contractor for use in street improvements is not interested in a contract between the contractor and the city within the prohibition of the city charter, revision 1905, § 498, providing that no officer shall .be a party to or directly or indirectly interested in, any work, contract, purchase or sale with any contractor in relation to any work, contract in, with, or to the city, or in any work, contract, purchase or sale in w?.ich the city has a direct or pecuniary interest, and making such contracts void, where he entered into his contract after making of the contract between the principal contractor and the city and he had no talk, and made no agreement with such contractor, before making the contract with the city, that the contractor should buy materials from him.[1]

---

[1] On effect of indirect interest of public officer in performance of contract for construction of public improvement, see note in 50 L. R. A. (N. S.) 1140.

5. SAME—CONTRACTS—VALIDITY—WHO ENTITLED TO QUESTION. Only the city could complain of the invalidity within the ordinance of the contract of a member of the council to furnish materials to a street improvement contractor.

Error to superior court of Grand Rapids; Dunham, J. Submitted October 12, 1917. (Docket No. 104.) Decided December 27, 1917.

Assumpsit by the people of the State of Michigan, for the use and benefit of James Mol, against the Southern Surety Company and another on a bond. Judgment for plaintiff. Defendant surety company brings error. Affirmed.

*Jewell & Smith,* for appellant.

*Charles A. Watt* and *Sheridan F. Master,* for appellee.

On April 13, 1916, and June 5, 1916, defendant Jansma entered into two contracts with the city of Grand Rapids by the terms of which, for a stated price, he was to improve two short streets in said city. Upon entering into said contracts defendant Jansma gave two several bonds to the city with the defendant the Southern Surety Company as surety thereon, conditioned upon the faithful performance of said contracts by said Jansma and the payment by him of all subcontractors and materialmen furnishing material or labor in the performance of said contracts. The method pursued by the municipality in the letting of these contracts is as follows: The common council first passes a resolution requesting the board of public works of the city to furnish an approximate estimate. The estimate is furnished by the board of works. Then the council passes a resolution declaring the improvement to be necessary, and providing for the method of payment, whereupon a contract is prepared

by the board of public works, which is submitted to the common council and a resolution adopted approving the contract and instructing the mayor to execute it on behalf of the city. The necessary resolutions covering the improvements in question were passed by the common council by not less than 19 out of 24 members; none voting in the negative. At the time these several contracts were let to defendant Jansma, plaintiff, Mol, was a member of the common council of the city of Grand Rapids, and voted in the affirmative on the several resolutions pertaining to said contracts. Thereafter and between June 2, 1916, and August 22, 1916, plaintiff furnished to defendant Jánsma cement, tile, and brick used by the defendant in the construction of said streets to the amount of $1;174.03, upon which defendant paid the sum of $494.87, leaving a balance unpaid of $679.16. This balance not having been paid, plaintiff brought suit upon the bond against defendant Jansma, and his surety, the Southern Surety Company. To this declaration defendants filed a plea of the general issue, giving notice thereunder that they would claim that the contract between plaintiff and defendant was void and illegal because the same was made in violation of the charter of the city of Grand Rapids (Act No. 593, tit. 16, § 18, Local Acts 1905), which, so far as pertinent, reads as follows:

"No officer * * * shall be a party to, or directly or indirectly interested in, * * * any work, contract, purchase or sale with any contractor in relation to any work, contract, * * * in, with, from or to the city, * * * or in any work, contract, purchase or sale in which the city, * * * has a direct or indirect pecuniary interest. * * * Any contract, purchase, sale or bid made in violation of the provisions of this section shall be absolutely void and of no force or effect against the city. * * * The prohibitions of this section shall not apply in case the work, contract, purchase or sale in question is directed or made by the council or by any board pro-

vided for in this act if said council or board shall declare on its records by resolution adopted by three-fourths of the entire membership that such work, contract, purchase or sale to or with such interested person is necessary for the best interests of the city, notwithstanding such prohibition."

This claim on behalf of the defendant is based upon the fact that at the time the merchandise was furnished by plaintiff to the contractor, Jansma, plaintiff was a member of the common council of the municipality with which defendant Jansma had contracted. The case was heard by the court without a jury. Findings of fact and law were filed, and judgment was ordered entered in behalf of plaintiff for the full amount of the claim, with interest, $692.

BROOKE, J. (*after stating the facts*). The findings of fact and law were filed and judgment entered on May 28, 1917. No amended findings either of fact or law were proposed by defendant, but written exceptions were taken thereto and filed on June 22, 1917. We have held (*Thurber* v. *Aldrich*, 167 Mich. 656 [133 N. W. 620]) that amendments to the findings may be proposed within ten days after judgment, but not afterwards, unless time therefor is extended, and, further, that unless proposed it will be assumed on error that the evidence warranted the findings (*Becker* v. *Headsten*, 137 Mich. 478 [100 N. W. 752]; *Cudney* v. *Sherrard*, 153 Mich. 239 [116 N. W. 1014]).

The first five, the ninth, and tenth assignments are based upon the assertion that the findings of fact were against the clear weight of the evidence. Under our interpretation of this statute in *Re Cutter's Estate*, 194 Mich. 34 (160 N. W. 605), we should not disturb these findings as being against the "great weight of the evidence."

The sixth assignment is that the trial judge erred in finding, as a matter of law, that although the plain-

199—Mich.—3.

tiff, under the charter of the city of Grand Rapids, could not collect the account owing to him by defendant Jansma from the city, yet "this infirmity to such prosecution does not exist against any other person, firm, or corporation by reason of the prohibition of this statute. I do not believe that the prohibition of this statute extends to such contracts as the one under consideration," etc.

This determination by the trial court raises the meritorious question in the case. The court found as a matter of fact that prior to the making of the contracts between Jansma and the city there was no talk, agreement, contract, or understanding between plaintiff and Jansma to the effect that defendant Jansma would purchase any material from the plaintiff for such improvements, and with this finding of fact we agree. Broadly stated and carried to its logical conclusion, the position of defendant is: That an alderman is prohibited by the charter provision under consideration from sustaining any business relations whatever with any person who has a contract with the municipality of which he is an officer. We are of opinion that it was not the legislative intent to carry the inhibition so far. It is, we think, quite clear from this record that plaintiff, Mol, was neither directly nor indirectly interested in the contract between Jansma and the municipality. It is to be noted that the charter provision makes such a contract "void and of no force or effect against the city." We are of opinion that under this charter provision the city alone may raise the question. See *Schurtz* v. *City of Grand Rapids, ante,* 20 (165 N. W. 766), handed down herewith. Here the city has accepted the benefits of the contract, and (it is asserted) has fully paid for the improvement. The contest is between the materialman and the surety upon the bond only.

The case at bar under the facts and a materially

different charter provision is readily distinguishable from the case of *Ferle* v. *City of Lansing*, 189 Mich. 501 (155 N. W. 591, L. R. A. 1917C, 1096), relied upon by defendant.

The judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.