DANBURY TRUST & SAVINGS BANK, Appellee, v. WILLIAM WEBER, Appellant.

**CONVERSION: Surrender of Collateral Security.** The holder of collateral security in the form of a promissory note is guilty of an unlawful conversion when, without the express or implied consent of the legal owner of the collateral, he surrenders the note to the maker and takes a new note, *payable to himself,* in lieu thereof.

**CONVERSION: Pleading—Sufficiency.** A plea of conversion may be good without the use of the word "convert."

*Appeal from Woodbury District Court.*—C. C. HAMILTON, Judge.

FEBRUARY 12, 1924.

SUIT on a promissory note. The defendant admitted the execution of the note, and pleaded that he had deposited another note with the plaintiff as collateral security for its payment, and that the plaintiff had canceled and surrendered said collateral note to the maker thereof, and had extinguished the indebtedness of the maker to the defendant. Both parties moved for a directed verdict, and the court sustained the plaintiff's motion. The defendant appeals.—*Reversed and remanded.*

*Oliver, Harding, Oliver & Royal,* for appellant.

*Griffin, Griffin & Griffin,* for appellee.

FAVILLE, J.—On August 2, 1920, appellant executed and delivered to appellee his promissory note for $4,500, due on or before October 1, 1920. As collateral security to said note, ap-

1. CONVERSION: surrender of co.ateral security.

pellant delivered to appellee the note of one Wennblom for $4,500, dated August 2, 1920, and due October 1, 1920, bearing interest at eight per cent. Appellant alleges that the Wennblom note was delivered to appellee as collateral security for his debt, and further alleges that, without the authority, consent, or knowledge of appellant, the appellee canceled said note and returned it to the maker and extinguished the indebtedness of Wennblom to appellant, and that by reason thereof the appellant's indebtedness to appellee was paid, to the entire amount thereof.

For reply, appellee admits that the Wennblom note was assigned to it as collateral security for the note sued upon, and that Wennblom paid $500 on said note on October 21, 1920, which payment was indorsed upon the note in suit, and alleges that, on January 8, 1921, Wennblom renewed the balance on his note by a new note to appellee; and it is alleged that said renewal was with the consent and approval of appellant.

It appears from the evidence that, on January 8, 1921, appellee took the "renewal" note of Wennblom in the form of a note of $4,000, payable sixty days after said date, and payable to the order of appellee, with interest at eight per cent. It also appears from the record that thereafter appellee claimed to hold the renewal note as collateral security to appellant's note, in the same manner that it held the original note.

There is conflict in the evidence as to whether or not appellee informed appellant of the taking of the new note in renewal of the original note pledged as collateral security, and there is also a conflict as to whether appellant acquiesced in the taking of such renewal note. The sole question for our determination is whether or not, under this state of the record, the court erred in directing a verdict for appellee.

In *Greenwald v. Metcalf, Graham & Co.,* 28 Iowa 363, the

case was submitted upon an agreed state of facts, from which it appeared that the defendants gave to the plaintiff their promissory note, upon which said suit was brought. The note was left with the bank where the same was payable, for collection, and the maker of said note deposited with said bank, as collateral security for the payment of said note, a certificate of deposit upon another bank in the city of Dubuque. The collecting bank, as agent of the plaintiff, took from the maker of said certificate of deposit a note and mortgage, and delivered the said certificate of deposit to the maker thereof. We said:

"Without authority from the defendants, they [the payees] would have no legal right to surrender the collateral to the makers of it, or exchange it for the promissory note of the makers, *giving them time for payment.*"

We also said:

"The security taken for the note seems to have proved insufficient; but it does not appear that this was all the property the debtors had; nor does it appear that the taking of the note and the giving of time did not, in fact, injure the defendants. From the facts agreed upon, the plaintiffs must be held to have converted the collateral, and there is no case made which will relieve them from accounting to the defendants for the full nominal amount thereof."

It is evident from the opinion in the *Greenwald* case that the defendants pleaded a conversion of the collateral deposited by the payee of the note; and we held, under the stipulated facts in the case, that there had been a conversion of the collateral, and that the makers of the note sued on had been damaged thereby.

In the case at bar, the surrender of the original collateral security to the maker thereof, and the taking of a new note in its place, which was made payable, not to the maker of the original note, but direct to the payee thereof, and by which the time of payment was extended, if done without the consent or acquiescence of appellant either before or after the same had been done, constituted a conversion of the original collateral note; and appellee would be liable, under such circumstances, to the appellant therefor. See, also, *Farm Inv. Co. v. Wyoming College,* 10 Wyo. 240 (68 Pac. 561); *Haas v. Bank of Commerce,*

41 Neb. 754 (60 N. W. 85); *First Nat. Bank v. Walker,* 115 Mich. 434 (73 N. W. 378); *Stevens v. Wiley,* 165 Mass. 402 (43 N. E. 177); *Aulwes v. Farmers Bank of Humboldt,* 44 S. D. 92 (182 N. W. 528).

In this connection, it is urged in behalf of appellee that the allegations of appellant's answer were not a sufficient pleading of a conversion of the collateral note, and that the decision of the trial court was correct because of the state of the pleadings. It is true that the answer of appellant does not plead the matter relied upon with the definiteness and fullness that the case would warrant, or that is desirable under our practice. We do not, however, regard it as fatally defective to a tender of the issue herein relied upon. True, the word "convert," or "conversion," is not used; but it is specifically alleged that, "without the authority, consent, or knowledge of this defendant, the plaintiff canceled said note, marked the same paid, and delivered the same to the said R. S. Wennblom."

2 CONVERSION: pleading: sufficiency.

It is also alleged that:

"By reason thereof, the defendant's indebtedness to the plaintiff was extinguished and paid in an amount equal to said Wennblom's notes, to wit: the entire amount due and owing on said Exhibit A at said time."

We think that the pleading was sufficient to present the issue as to whether or not appellee, without the consent of appellant, did cancel and surrender the collateral note and extinguish the debt of the maker of the collateral note. The surrender of the original collateral and the taking of a new note direct to the payee, with an extension of time thereon, without any indorsement or transfer of the same to appellant, constituted, in law, a conversion of the collateral note originally pledged, if the same was done without the knowledge, consent, or acquiescence of appellant, either before or after the same was done.

The measure of appellant's damage for such conversion of the collateral, if it was in fact so converted, is not involved in this appeal, and we express no opinion in regard thereto. The question as to whether or not appellant consented or in any manner acquiesced in the surrender of the original note and the

taking of the new note by appellee was in dispute, and was a proper question for the determination of the jury.

We think the court erred in sustaining appellee's motion for directed verdict. The cause must be—*Reversed and remanded.*

ARTHUR, C. J., EVANS and PRESTON, JJ., concur.